**quinn emanuel** trial lawyers | wilmington

500 Delaware Avenue, Suite 220, Wilmington, Delaware 19801 | TEL (302) 302-4000 FAX (302) 302-4010

May 7, 2025

The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9, Room 6325
Wilmington, Delaware 19801

Re:  *Coupa Software Inc., et al. v. Optilogic, Inc., et al.*, No. 24-cv-1275 (RGA)

Dear Judge Andrews:

We write on behalf of Defendants regarding Plaintiffs' Motion for Preliminary Injunction (D.I. 22) ("PI Motion") and Motion for Leave to Use Materials In Support of Motion for Preliminary Injunction and Leave to File an Amended Motion for Preliminary Injunction, or Alternatively, for Expedited Discovery (D.I. 28) ("Discovery Motion").  We submit this letter in advance of the parties' May 9 conference.  The parties, including Delaware counsel, conferred regarding this dispute, but have been unable to reach a resolution.

Optilogic offers supply chain design software, having publicly launched its "Cosmic Frog" platform in November 2022.  *Two full years later*, Plaintiffs filed their Complaint.  *Five months* later, Plaintiffs filed their PI Motion, which effectively seeks to shut down Defendants' entire business—and put its 100 employees out of work—based on poorly-pleaded copyright and trade secret claims.  Plaintiffs' inexplicable *2.5-year* delay is alone reason to deny Plaintiffs' PI Motion.  At a minimum, the Court should adjourn all PI-related deadlines until it can consider Defendants' pending Motion to Dismiss (D.I. 15).

If the Court is inclined to consider the PI Motion, given the business-ending scope of the injunction sought, Defendants ask this Court to ensure a level playing field by allowing mutual discovery and imposing a fair schedule.  This is critical because Plaintiffs' motions are structured to be unfairly prejudicial: (i) Plaintiffs' PI Motion is based on a misleading "output file" analysis that can be conclusively rebutted by discovery; and (ii) Plaintiffs' Discovery Motion seeks to authorize Plaintiffs to file a *second* PI motion based on Defendants' source code without reciprocal disclosure of Plaintiffs' source code.  Instead of seriatim motions and one-sided discovery, Defendants instead propose mutual targeted fact and expert discovery, followed by briefing on a revised PI motion.  Defendants' balanced approach affords the parties equal opportunity for discovery and adequate time to complete their record.

**I. BACKGROUND.**  Hicks is the founder and CEO of Optilogic.  He previously founded LLamasoft, which also provides supply chain design solutions.  In April 2018 (seven years ago), Hicks resigned as LLamasoft's CEO.  In May 2019 (six years ago), he resigned as LLamasoft's Chairman and sold his remaining stake in the company.  The Complaint alleges that Hicks entered restrictive covenants with LLamasoft, all of which expired by June 2022 at the latest.

Nearly half a year later, on November 8, 2022, Optilogic publicly launched its "Cosmic Frog" supply chain software platform.  For over *two full years* after that public launch, LLamasoft and

Coupa (which acquired LLamasoft) sat quietly. It was not until November 20, 2024 that Plaintiffs first challenged Cosmic Frog by filing the Complaint, alleging, as relevant here, that Cosmic Frog infringes Plaintiffs' copyrights and uses Plaintiffs' trade secrets. The Complaint does not identify any protectable copyrights or any specific trade secrets. As Plaintiffs' own PI Motion makes clear, the Complaint is based on both: (i) publicly-available information from Optilogic's website; and (ii) Plaintiffs' expert's creation of a software user account on Optilogic's site under false pretenses to gain illicit access to Cosmic Frog long before Plaintiffs filed the Complaint.

Late last year, Defendants offered to share information so that Plaintiffs could observe that their claims are baseless. As part of that ADR process, Defendants allowed Plaintiffs' expert to access the Cosmic Frog source code pursuant a Non-Disclosure Agreement ("NDA"). For three months, Plaintiffs' expert inspected the Cosmic Frog source code, until it became clear that Plaintiffs were not interested in resolution, but rather were seeking to use ADR exchanges to bolster their weak case. Defendants terminated the NDA and demanded return of their confidential information, as was their right. Plaintiffs refused to comply, in breach of the NDA.

On April 14, Defendants moved to dismiss the Complaint in its entirety, including because: (i) Plaintiffs do not identify any protectable elements of copyright, but only unprotectable ideas and concepts; and (ii) Plaintiffs do not sufficiently identify their trade secrets, which they simply describe as "algorithms," or any improper access, use, or disclosure. D.I. 16. Defendants also filed Counterclaims against Plaintiffs, seeking relief for tortious conduct and defamation. D.I. 18.

On April 24, Plaintiffs informed Defendants on a meet-and-confer that they intended to file the PI Motion and wanted to use the Cosmic Frog source code obtained under the NDA despite Defendants' termination of that agreement. Defendants objected. The next day, Plaintiffs filed: (i) the PI Motion, accompanied by an expert declaration that purports to compare output files from the software; and (ii) the Discovery Motion, which seeks to use the source code obtained in ADR or to allow one-way discovery into Cosmic Frog's source code.[1] Plaintiffs further represented that they intend to file an "amended" PI Motion incorporating their source code analysis.

Plaintiffs' PI Motion and Discovery Motion are designed to pressure Defendants by threatening a company-ending interim injunction, while bypassing: (i) Defendants' Motion to Dismiss; (ii) the burden of showing good cause for expedited discovery (which Plaintiffs cannot satisfy); (iii) identification of Plaintiffs' purported trade secrets; (iv) disclosure of expert materials; (v) disclosure of Plaintiffs' own source code; and (vi) discovery supporting Defendants' defenses, including delay, lack of reasonable measures to protect trade secrets, lack of irreparable harm, and lack of evidence of intellectual property theft.

## II. PLAINTIFFS' DELAY ALONE WARRANTS ADJOURNING THE PI MOTION PENDING DEFENDANTS' MOTION TO DISMISS.

Plaintiffs' need for immediate relief is baseless, as

---

[1] Sadly, Plaintiffs' motions were also occasion for gamesmanship. For five days after they filed the motions (April 25 to 30), Plaintiffs refused our repeated requests to share the sealed PI Motion and supporting documents with our client representative and expert. Until **last night**, Plaintiffs also refused repeated requests to disclose their expert's reliance materials, and Plaintiffs continue to refuse access to Defendants' Chief Technology Officer, all to create artificial prejudice.

evidenced by their 2.5-year delay, and warrants deferring consideration of the PI Motion. Plaintiffs knew of Cosmic Frog in November 2022 (D.I. 1 ¶ 46), but provide *zero* explanation for their delay in investigating and seeking relief. D.I. 23. This delay is fatal to any showing of irreparable harm or good cause. "Absent a good explanation, not offered or found here, 17 months is a substantial period of delay that militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief." *Chestnut Hill Sound Inc. v. Apple Inc.*, 2015 WL 6870037, at *4 (D. Del. Nov. 6, 2015) (Andrews, J.); *see also Lanin v. Borough of Tenafly*, 515 F. App'x 114, 118 (3d Cir. 2013) (similar). Plaintiffs' **longer** delay warrants denying the PI Motion and Discovery Motion now. At the least, the Court can adjourn responses to those motions until it can consider Defendants' Motion to Dismiss, which may moot them both. This is appropriate given that the Complaint does not identify the protectable elements or trade secrets that form the basis of the PI Motion, depriving Defendants of fair notice.

**III. AT MINIMUM, THE COURT SHOULD SET A FAIR SCHEDULE FOR EXPEDITED DISCOVERY AND PI BRIEFING.** Plaintiffs alternatively seek "expedited" one-sided discovery of Defendants' source code to file an "amended" PI motion. Plaintiffs do not even try to establish good cause for expedited discovery. Instead, they hope to improperly weaponize the source code provided in ADR efforts and pursuant to a now-terminated NDA, while avoiding discovery of their own (purportedly copied) source code that would disprove their claims. The Court should not permit such a one-sided and unfair process. Defendants propose the following schedule:

*First*, Plaintiffs should immediately identify the trade secrets they allege were misappropriated with reasonable particularity.[2] *Second*, upon entry of a protective order, the parties will **mutually** provide access to their full source code relating to their supply chain software.[3] *Third*, the parties should engage in **mutual** targeted fact discovery (limited to 10 RFPs and 5 interrogatories per side) over three months (less time than Plaintiffs had access to Defendants' source code) **in advance** of any amended PI motion. *Fourth*, Plaintiffs should serve any expert report (and **all** reliance materials) one week after the close of fact discovery, and Defendants will serve their rebuttal expert report (and all reliance materials) 28 days thereafter, followed by expert depositions. *Fifth*, the parties will brief an amended PI motion pursuant to an agreed briefing schedule that provides Defendants adequate response time. This process allows each side limited discovery of both claims and defenses before the Court is asked to consider a potentially business-ending PI motion.

In contrast, Plaintiffs' proposal seeks to avoid a level playing field. Plaintiffs propose to file a new PI motion first, then limit Defendants' discovery to the scope of that motion (and not all defenses). Plaintiffs would then get to take one-sided discovery *after* Defendants file their opposition, thereby empowering Plaintiffs to present new discovery *on reply*—a prejudicial recipe for sandbagging for which Plaintiffs could cite no authority. Defendants respectfully submit that the Court should not adopt this novel and biased proposal, and instead order targeted and bilateral discovery and presentation of any PI motion in the ordinary course.

---

[2] Immediate disclosure is standard in trade secret cases, *Structural Pres. Sys., LLC v. Andrews*, 2013 WL 12244886, at *3 (D. Md. Dec. 17, 2013), and warranted here given the six months since Plaintiffs filed suit, their request for an immediate PI, and its potential to limit discovery.

[3] Plaintiffs stated they are amenable to this in meet-and-confer discussions.

Respectfully,

*/s/ Michael A. Barlow*

Michael A. Barlow (#3928)

*Counsel for Defendants / Counterclaim Plaintiffs Optilogic, Inc. and Donald Hicks*

Attachment A: [Proposed] Order

cc: All counsel of record (by ECF)