# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COUPA SOFTWARE INC. and LLAMASOFT LLC, <br><br>  Plaintiffs, <br><br> v. <br><br> OPTILOGIC, INC., DONALD HICKS, and DOES 1-10, <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 24-1275-RGA-SRF |

## MEMORANDUM ORDER

At Wilmington this **21st** day of **July, 2025**, the court having considered the parties' discovery dispute letters and related submissions (D.I. 89; D.I. 90; D.I. 99; D.I. 100; D.I. 101), IT IS ORDERED that the pending joint motion for teleconference to resolve discovery disputes (D.I. 88) is addressed as follows:

1. **Defendants' motion to compel Plaintiffs to search for and produce documents in response to Request for Production Nos. 1 to 5 is DENIED without prejudice.** On May 9, 2025, the court entered an order granting a narrow scope of expedited discovery on issues relating to the preliminary injunction motion. (D.I. 46) The order permitted Defendants to serve only five (5) Requests for Production. (*Id.* at 2) The compound Requests for Production served by Defendants exceed the limits of preliminary discovery and are not in keeping with the spirit of the court's order granting limited discovery on an expedited schedule. For example, Request for Production No. 1 contains seven subparts seeking information on Plaintiffs' copyright ownership; the conception, publication, and the originality of each copyrighted work; each act of alleged copying by each Defendant; Defendants' access to the copyrighted work; and similarities

between Cosmic Frog and each copyrighted work. (D.I. 89, Ex. A at 9) Defendants' letter brief reinforces the compound nature of the requests, summarizing the scope of each request in subparts. (D.I. 89 at 2-3) Defendants now contend they have been deprived of documents highly relevant to the preliminary injunction motion. But this is a problem of their own making, caused by their failure to reasonably adhere to the limited scope of discovery permitted by the court at this preliminary stage.

      2. Defendants' argument that Plaintiffs are holding back documents is also unavailing. Defendants contend that "Plaintiffs refused to identify which subsets of documents they are withholding and why," but Defendants fail to describe the types of documents they believe were withheld. (*Id.* at 1-2) Plaintiffs respond that they did not withhold documents as Defendants suggest. Instead, Plaintiffs contend that Defendants failed to provide additional specificity when Plaintiffs asked Defendants to identify particular types of documents alleged to be missing from the production to facilitate an additional search. (D.I. 100 at 3) The record before the court supports Plaintiffs' position. The Horgan-Kobelski Declaration indicates that "Plaintiffs did not exclude from their search and production documents that tend to undermine their claims and/or support Defendants' defenses. Plaintiffs' counsel explained this to Defendants' counsel during a meet and confer and in written correspondence." (D.I. 101 at ¶ 10)

      3. Furthermore, with respect to Request for Production No. 5, Plaintiffs confirm that they have produced documents that Plaintiffs "reference, quote, describe, or rely upon in Plaintiffs' Amended Opening Brief in Support of Motion for Preliminary Injunction . . . and supporting declarations," including the customer surveys quoted in Dean Bain's declaration. (D.I. 89, Ex. A at 22; D.I. 101 at ¶ 11 & Ex. 2 at 1-2; D.I. 100 at 3)

4. Finally, Defendants' position that Plaintiffs waived their objection to compound discovery requests is raised only in a footnote and is therefore waived. *See Perrong v. Liberty Power Corp., L.L.C.*, 411 F. Supp. 3d 258, 268 n.11 (D. Del. 2019).

5. **Defendants' motion to compel Plaintiffs to produce a privilege log is DENIED without prejudice.** The entirety of Defendants' argument moving to compel the production of a privilege log reads, "Moreover, Plaintiffs have not produced a privilege log." (D.I. 89 at 3) Defendants have not shown that the expedited discovery schedule set by the court contemplated an exchange of privilege logs, and Defendants provide no reason on the current record to compel the creation and production of a privilege log.

6. **Defendants' motion to compel Plaintiffs to supplement their responses and objections to Interrogatory Nos. 1 to 5 is DENIED without prejudice.** The court's order granting limited expedited discovery also permitted each side to serve no more than five (5) interrogatories. (D.I. 46 at 2) As with the Requests for Production, Defendants' own letter brief demonstrates the compound nature of the interrogatories served on Plaintiffs. (D.I. 89 at 3)

7. Regardless, a review of Plaintiffs' interrogatory responses confirms that they are sufficient at this preliminary stage of the proceeding. For example, Interrogatory No. 3 seeks a description of why each trade secret "warrants protection as a trade secret (i.e., is not generally known or readily ascertainable, has independent economic value, and is subject to reasonable measures to protect its secrecy)[,]" and how the trade secret "was misappropriated by Defendants (i.e., was improperly acquired, used, or disclosed)." (D.I. 99, Ex. B-1 at 15) Plaintiffs' response addresses each of the two trade secrets identified in the motion for preliminary injunction and points to specific paragraphs in the accompanying declarations to support the legal and factual bases for the trade secret misappropriation claims. (*Id.*, Ex. B-1 at 16-17) Plaintiffs indicate

their expectation that further discovery will reveal additional evidence supporting the claims. (*Id.*) With respect to the reason for Plaintiffs' delay in seeking a preliminary injunction, Plaintiffs explain how they did not realize the scope of the harm until April of 2024 in response to Interrogatory No. 5. (*Id.*, Ex. B-1 at 19-21)

8. **Defendants' motion to compel Plaintiffs to designate a 30(b)(6) witness on revised Topic Nos. 1, 3, 7-9, 11-13, and 17 is DENIED without prejudice.** Defendants propounded seventeen deposition topics, many of which have multiple subparts. For example, Topic 1 is comprised of subparts (a) through (o) and spans an entire single-spaced page. (D.I. 89, Ex. C at 10-11) Although the court's order granting limited discovery on an expedited schedule did not impose specific numerical limits on 30(b)(6) deposition topics, the scope and breadth of Defendants' topics is not in keeping with the spirit of the court's order. (D.I. 46 at 2) Defendants also fail to address Plaintiffs' position that Topics 3 and 7 are improper contention topics,[1] and they make no effort to explain how Topic 17, directed to Plaintiffs' document retention policy, is permissible in this district. (D.I. 100 at 4; D.I. 101, Ex. 4 at 28:10-14; Ex. 5 at ¶ 1(d)(iii); Ex. 6)

9. **Defendants' motion to compel Plaintiffs to make their fact and expert declarants and their 30(b)(6) designee(s) available for depositions after the completion of fact discovery is DENIED without prejudice.** The expedited schedule entered by the court contemplated that depositions would conclude on or before July 9, 2025. (D.I. 46 at 2) The court presumes that: (A) the 30(b)(6) deposition and the depositions of Christopher Thompson

---

[1] To the extent that Defendants proposed modifying these requests to be compliant in an email dated July 1, 2025, that proposal left little time to complete the depositions before the July 9, 2025 deadline in the court's order. (D.I. 89 at 4 n.5; Ex. D at 1-2) This dispute illustrates the importance of serving compliant discovery requests made in good faith when operating under an expedited discovery schedule.

4

and John Peters went forward as scheduled between July 7 and 9, 2025, (B) the depositions of Chencheng Zhou and Michele Patterson went forward on July 15 and July 18, respectively, and (C) the deposition of Dean Bain will proceed as scheduled on July 22, 2025 per the agreement of the parties. (D.I. 93; D.I. 95; D.I. 107; D.I. 110; D.I. 111) Although some depositions occurred after the July 9 deadline set by the court, the docket indicates that all depositions will be completed before Defendants' answering brief in opposition to the motion for preliminary injunction is due on July 23, 2025. Thus, to the extent that Defendants seek to compel the depositions of these witnesses after the July 9, 2025 deadline, the requested relief is moot.

**10.** The court construes Defendants' motion as a request for supplemental depositions because the relief sought by Defendants is based on their assumption that the depositions scheduled to go forward after the conclusion of letter briefing on this dispute will be deficient. This issue is not ripe. Defendants may renew the request in the future, on a full record, if they have a good faith basis to show with specificity that supplementation is warranted based on the deposition transcripts from the abbreviated discovery period.

**11. Defendants' proposed amended schedule for discovery and briefing of the preliminary injunction motion (D.I. 67-3) is DENIED.** Defendants' request for a four-week extension of the discovery schedule rests on their position that Plaintiffs' discovery responses are deficient. Having denied Defendants' motion to compel, the court finds no basis to grant a four-week extension of the expedited discovery period.

**12. Conclusion.** For the foregoing reasons, IT IS ORDERED that Defendants' motion to compel is DENIED without prejudice. IT IS FURTHER ORDERED that the discovery dispute teleconference set for July 23, 2025 at 2:00 p.m. is CANCELLED.

**13.** Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **July 29, 2025**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

**14.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**15.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge